# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3423

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Mark A. Wynn, | * | [Unpublished] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 18, 2002
Filed: January 16, 2003

_____

Before MORRIS SHEPPARD ARNOLD, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Mark A. Wynn pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. At sentencing, the district court[1] overruled Wynn's objection to application of the career-offender Guideline, see U.S.S.G. § 4B1.1(B), which the presentence report had recommended based on a prior two-count state felony drug conviction (for which Wynn had received concurrent prison terms) and a prior federal felony drug conviction. After finding that the applicable sentencing range was 188-235 months,

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

the court granted the government's motion for a substantial-assistance downward departure, and sentenced Wynn to 90 months imprisonment and 4 years supervised release. On appeal, Wynn's counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing the district court erred in finding Wynn was a career offender and the court should have granted a greater downward departure. Wynn has not filed a pro se supplemental brief.

First, we conclude that the career-offender determination was proper, despite Wynn's assertion that one of the state counts of conviction had been set aside and the other was being appealed: at the time of this sentencing, at least one state count of conviction remained valid, and thus invalidation of the other state count would still leave the requisite two prior convictions. See U.S.S.G. §§ 4B1.1, 4B1.2(c). Second, the extent of the district court's departure is unreviewable. See United States v. McFarlane, 309 F.3d 510, 516 (8th Cir. 2002).

Having independently reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-